UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLENN FARNER, and SOUTHEAST LABORERS HEALTH AND WELFARE FUND, SOUTHEAST LABORERS SUPPLEMENTAL PENSION FUND, and the SOUTHEAST LABORERS TRAINING AND APPRENTICESHIP FUND,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY F. TEICHMANN, INC., and KEVIN YUNG,<br><br>Defendants. | Case No.: 3:26-cv-____________ |

**COMPLAINT**

Glenn Farner ("Trustee") and Southeast Laborers Health and Welfare Fund, Southeast Laborers Supplemental Pension Fund, and Southeast Laborers Training and Apprenticeship Fund ("Plaintiff Funds") complaining of Henry F. Teichmann ("Teichmann") and Kevin Yung ("Yung") allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA) and is a civil action to recover employer contributions owed to the Plaintiff Fund. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

2. Trustee is a fiduciary of Plaintiff Funds as that term is used at 29 U.S.C. § 1132(a) and brings this action to secure appropriate relief for Plaintiff Funds

3. Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff Funds are employee welfare, pension and training/apprenticeship plans administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

4. Plaintiff Funds are employee health, pension and apprenticeship training benefit plans as defined at 29 U.S.C. §1002(1) and (2) and are primarily funded by contributions remitted by multiple participating employers pursuant to a negotiated collective bargaining agreement ("CBA"). All principal and income from such contributions and investments thereof are held and used for the purpose of providing employee health, pension and apprenticeship training benefits by the Plaintiff Funds after paying administrative and other reasonable expenses.

5. Plaintiff Funds operate on the basis of an employer self-reporting payment system whereby participating employers such as Teichmann identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff Funds.

6. During all pertinent times, Teichmann is and continues to be a party to a CBA and is required to pay contributions to the Plaintiff Funds on behalf of employees performing covered work. Pursuant to the CBA, Teichmann is bound by the provisions of the trust agreements by virtue of which Plaintiff Funds were created and operate, and which provide in pertinent part that employer contributions such as those owed by Teichmann are an asset of Plaintiff Funds when due, are an asset of the Plaintiff Funds whether or not collected; and, no asset of the Plaintiff Funds is to be used directly or indirectly by an employer such as Teichmann.

7. Teichmann is bound by the provisions of the trust agreements by virtue of which Plaintiff Funds were created and operates. The trust agreements provide in pertinent part that

employer contributions such as those owed by Teichmann to Plaintiff Funds are an asset of Plaintiff Funds when due, are an asset of the Plaintiff Funds whether or not collected; and, no asset of the Plaintiff Funds is to be used directly or indirectly by an employer such as Teichmann.

7. The CBA and trust agreements require prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest on unpaid contributions. Plaintiff Funds operate pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include, by mandate of the Court, the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

8. Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

9. Teichmann has breached the above-referenced provisions of ERISA, the CBA, and the trust agreement whereby the Plaintiff Funds were created and operate, such breach occurring by virtue of Teichmann failing to timely pay contributions and interest due thereon and having failed to submit reports with the employee work history.

10. Upon information and belief, Yung is a resident of Washington County, McMurray, Pennsylvania and is the president of Teichmann. Upon information and belief, Yung, as the president of Teichmann, decides on behalf of Teichmann which creditors of Teichmann's to pay and when to pay them. Yung and Teichmann have used assets of Plaintiff Funds in the form of

contributions owed to Plaintiff Funds to pay for business operations of Teichmann rather than Plaintiff Funds. Yung is an ERISA fiduciary personally liable under 29 U.S.C. 1103, 1104 and 1109 for using assets of Plaintiff Funds to pay for business operations instead of paying contributions to Plaintiff Funds.

11. Despite demand that Teichmann perform its statutory, contractual, and trust obligations with respect to making contributions, Teichmann has neglected and refused to pay the amounts that are due, and as a consequence of the conduct described herein, Teichmann currently owes an outstanding principal amount without regard to accumulated interest. Teichmann owes accumulated interest on the unpaid contributions as a result of its conduct as described herein.

12. Teichmann is a party in interest as that term is defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(C). By using the funds due to Plaintiff Funds for contributions to finance business operations of Teichmann; and, by dissipating the contributions owed to Plaintiff Funds by not segregating them but instead placing them in a comingled account that was used for general operating expenses of Teichmann. Teichmann and Yung acted as fiduciaries of Plaintiff Funds and engaged in transactions prohibited by 29 U.S.C. § 1106.

13. Teichmann and Yung are ERISA fiduciaries liable under 29 U.S.C. 1103, 1104 and 1109 for using assets of Plaintiff Funds to pay for business operations of Teichmann instead of paying contributions to Plaintiff Funds.

14. The failure of Teichmann to pay contributions on behalf of its employees will cause Plaintiff Funds to suffer irreparable harm; further, employer delinquencies such as those of Teichmann adversely affect and impact upon the financial integrity of the Plaintiff Funds, and the continued delinquency will cause a loss of interest income that would otherwise be earned and will

cause additional administrative expenses in connection with the remedying of the delinquencies of Teichmann.

15. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Trustee and Plaintiff Funds request the following relief:

(a) A permanent injunction enjoining Teichmann and Yung from violating the provisions of ERISA, the CBA, and the trust agreement of the Plaintiff Funds requiring payment of contributions.

(b) A judgment against Teichmann and Yung, in favor of Trustee and Plaintiff Funds, for all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages, and all attorney fees and costs incurred in connection with this action.

(c) For such further or different relief as the Court may deem proper or just.

Respectfully submitted,

/s/ *R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Michael C. Iadevaia, BPR No. 041622
**Stranch, Jennings & Garvey, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: jjennings@stranchlaw.com
Email: miadevaia@stranchlaw.com